FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 22 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ROBERT SMART, Individually and on**             **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.          No. 2:19-cv-47 KGB

**CITY OF HUGHES, ARKANSAS**             **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Robert Smart ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant City of Hughes, Arkansas ("Defendant"), he does hereby state and allege as follows:

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime

compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Eastern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7. Plaintiff Robert Smart is an individual and resident of St. Francis County.

8. Plaintiff was employed by Defendant as an hourly-paid employee within the three (3) years prior to the filing of this Complaint.

9. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

10. As an employee of Defendant, Plaintiff was an employee of a public agency, and therefore entitled to the protections of the FLSA pursuant to 29 U.S.C. § 201, *et seq*.

11. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

12. Defendant is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203.

13. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

14. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage-and-hour practices and all related employee compensation policies that are at issue in this case.

15. Defendant operates the water department where Plaintiff was employed within the past three (3) years as an hourly-paid employee.

16. Defendant can be served through its Mayor, Lincoln E. Barnett, 202 Blackwood Street, Hughes, Arkansas 72348.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

18. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff was an hourly-paid employee of Defendant.

19. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendant as an hourly-paid employee in Defendant's water department.

20. Plaintiff and other hourly-paid employees were routinely required to work in excess of forty (40) hours per week.

21. Defendant knew that Plaintiff and other hourly-paid employees worked in excess of forty (40) hours per week, and Defendant required them to do so.

22. Plaintiff and other hourly-paid employees were not paid for all hours worked.

23. Defendant did not pay Plaintiff and other hourly-paid employees one and one-half (1.5) times their regular rate for their hours worked over forty (40) per week.

24. Defendant did not provide Plaintiff and other hourly-paid employees with compensatory time off at a rate of one and one-half (1.5) hours for their hours worked over forty (40) per week.

25. As a matter of policy applicable to all employees, including Plaintiff, when Defendant compensated hourly employees for overtime hours worked, it did so by providing compensatory time off at a rate of one (1) hour for each hour worked over forty (40) per week.

26. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and its other hourly-paid employees violated the FLSA and the AMWA.

### V.   COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28.	Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

29.	Plaintiff brings his FLSA claim on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period and who are entitled to payment of the following types of damages:

A.	Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of forty (40) per week;

B.	Liquidated damages; and

C.	Attorneys' fees and costs.

30.	In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will file shortly his Consent to Join this lawsuit.

31.	The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

32.	The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.	They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.	They were paid hourly;

C.	They recorded their time in the same manner; and

D.	They were subject to Defendant's common policy of denying pay for all hours worked, including proper overtime pay or compensatory time for hours worked over forty (40) per week.

33. Plaintiff is unable to state the exact number of the potential members of the FLSA Class but believes that the class exceeds twenty persons.

34. In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

35. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

37. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

38. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

39. 29 U.S.C. § 207 requires any public agency to pay employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours per week.

40.     The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

41.     Despite Plaintiff's entitlement to lawful compensatory time or overtime payments under the FLSA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time.

42.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

43.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

44.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.    SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

45.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

47.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

48. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) per week.

49. The AMWA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

50. Despite Plaintiff's entitlement to lawful compensatory time or overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful overtime premium or provide lawful compensatory time.

51. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

53. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA.

56. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

57. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

58. 29 U.S.C. § 207 requires employers to pay each employee one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week.

59. The FLSA allows a public agency to pay compensatory time off in lieu of monetary overtime compensation, but it must be at the rate of not less than one and one-half (1.5) hours for each hour of overtime work.

60. Defendant failed to pay Plaintiff and those similarly situated lawful overtime payments or lawful compensatory time, despite their entitlement thereto.

61. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All hourly employees within the past three years.**

62. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated

seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Robert Smart, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. For orders regarding certification of and notice to the proposed collective action members;

D. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

E. A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

F. Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed collective members under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.   Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.   Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 216, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed collective members during the applicable statutory period;

I.   Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.   For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ROBERT SMART, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Stacy Gibson
Stacy Gibson
Ark Bar No. 2014171
stacy@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com