(THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ROBERT SMART, TERRY ROSS RIGGS, and
JOHNATHAN JACKSON, Each Individually and
on Behalf of All Others Similarly Situated                                             PLAINTIFFS

v.                              Case No. 2:19-cv-00047-KGB

CITY OF HUGHES, ARKANSAS                                                               DEFENDANT

## ORDER

Before the Court is the motion for conditional certification, for disclosure of contact information, and to send notices filed by plaintiffs Robert Smart, Terry Ross Riggs, and Johnathan Jackson, each individually and on behalf of all others similarly situated (collectively, "plaintiffs") (Dkt. No. 13).  For the reasons set forth herein, the Court denies without prejudice the motion.

**I.      Factual And Procedural History**

On April 22, 2019, Robert Smart, individually and on behalf of all others similarly situated, filed a putative class and collective action against his former employer, defendant the City of Hughes, Arkansas, alleging violations of the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201 to 11-4-222 (Dkt. No. 1).  An amended complaint was filed on July 9, 2019, adding Terry Ross Riggs and Johnathan Jackson, each individually and on behalf of all others similarly situated, as named plaintiffs (Dkt. No. 9).

The amended complaint alleges that plaintiffs were, within the three years preceding the filing of this action, employed as hourly-paid employees by either defendant's water department or police department (*Id.*, ¶¶ 18–19).  Plaintiffs claim that, in violation of the FLSA and AMWA,

defendant failed to pay them and other hourly-paid employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek (*Id.*, ¶¶ 27–28).

On October 14, 2019, plaintiffs filed a motion for conditional certification, for disclosure of contact information, and to send notices (Dkt. No. 13). In their motion, plaintiffs seek conditional certification of the following class of individuals: "All full-time[,] hourly-paid employees since April 22, 2016." (*Id.*, ¶ 3). Defendant filed a response in opposition on November 12, 2019 (Dkt. No. 18), to which plaintiffs replied on November 19, 2019 (Dkt. No. 19).

For the reasons that follow, the Court denies without prejudice plaintiffs' motion for conditional certification, for disclosure of contact information, and to send notices.

**II.     Governing Law**

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

District courts in the Eighth Circuit, including this one, have routinely utilized a two-step approach to determine whether certification of a collective action is appropriate. *See*, *e.g.*, *McChesney v. Holtger Bros.*, No. 4:17-CV-00824-KGB, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019); *Cruthis v. Vision's*, No. 4:12-CV-00244-KGB, 2013 WL 4028523, at *1 (E.D. Ark. Aug. 7, 2013); *Watson v. Surf-Frac Wellhead Equip. Co.*, No. 4:11-CV-00843-KGB, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012). Under this approach, a district court first determines whether the putative collective action members are similarly situated (*i.e.*, whether they were subject to a common employment policy or plan), and then, at the conclusion of discovery,

provides an opportunity for the defendant to move to decertify the collective action, pointing to a more developed record to support its contention that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs. *See Smith v. Frac Tech Servs., Ltd.*, No. 4:09CV000679JLH, 2009 WL 4251017, at *1 (E.D. Ark. Nov. 24, 2009).

"To establish that conditional certification is appropriate, the plaintiffs must provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008) (quoting *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005)).  The plaintiffs' burden at the "notice" stage is "lenient" and "requires only a modest factual showing; it does not require the plaintiff[s] and the potential class members to show that they are identically situated." *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689–90 (W.D. Mo. 2007)).  Still, "'more than mere allegations' are required" for the plaintiffs to carry their burden. *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1019 (S.D. Iowa 2016) (quoting *Robinson*, 254 F.R.D. at 99).

"Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs." *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citing *Rappaport v. Embarq Mgmt. Co.*, No. 607CV468ORL19DAB, 2007 WL 4482581, at *4 (M.D. Fla. Dec. 18, 2007)).  Factors to be considered include:  (1) whether the plaintiffs all held the same job titles; (2) whether the plaintiffs worked in different geographical locations; (3) the extent to which the claimed wage-and-hour violations occurred during different time periods and by different decision makers; and (4) whether the plaintiffs all alleged similar, though not identical, wage-and-hour violations. *See McChesney*, 2019 WL 118408, at *2 (citing *Stone v. First Union Corp.*, 203 F.R.D. 532, 542 (S.D. Fla. 2001)).

"The Court does not need to determine whether class members are actually similarly situated until the 'merits stage' of the litigation, when defendants typically move to decertify the class." *Tinsley v. Covenant Care Servs., LLC*, No. 1:14CV00026 ACL, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015) (citing *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010)).

### III.    Discussion

#### A.    The Parties' Arguments

In a sworn affidavit, Mr. Smart avers that he was employed as an hourly-paid employee by defendant's water department from October 2018 to March 2019 (Dkt. No. 13-7, Declaration of Robert Smart ("Smart Decl."), ¶¶ 3–4).  Mr. Smart indicates that, "[t]hrough a combination of elected officials and hourly-paid employees, [d]efendant operates various departments, including the water department and police department, which provide various services to the residents of Hughes."  (*Id.*, ¶ 5).  Mr. Smart claims that "[h]ourly-paid employees are subject to [d]efendant's uniform employment policies and practices, including pay structure." (*Id.*, ¶ 6).  Specifically, Mr. Smart explains that he and other hourly-paid employees frequently worked in excess of 40 hours per workweek without receiving overtime compensation for hours per workweek in excess of 40 (*Id.*, ¶¶ 7–9).  Mr. Smart further explains that, when he and other hourly-paid employees were offered compensatory time off, it was at a rate of one hour for each hour of overtime worked (*Id.*, ¶ 11).  Mr. Smart represents that these were "[d]efendant's common polic[ies] applicable to all hourly-paid employees."  (*Id.*, ¶¶ 9, 10, 11).  Mr. Smart estimates that, since April 22, 2016, at least 20 individuals have worked as hourly-paid employees for defendant (*Id.*, ¶ 13).  Finally, Mr. Smart asserts that other hourly-paid employees were paid in the same manner by defendant and that these former co-workers would be interested in joining this action (*Id.*, ¶¶ 12, 14).

Mr. Jackson also submitted a sworn affidavit in support of the instant motion (Dkt. No. 13-8, Declaration of Johnathan Jackson ("Jackson Decl.")).  Mr. Jackson avers that he was employed as an hourly-paid employee by defendant's police department from October 2018 to January 2019 (*Id.*, ¶¶ 3–4).  Mr. Jackson further avers that he and other hourly-paid employees frequently worked in excess of 40 hours per workweek and 171 hours per 28-day pay period without receiving overtime compensation for that work (*Id.*, ¶¶ 7–9).  Mr. Jackson maintains that other employees were paid in the same manner by defendants and that these former co-workers would be interested in joining this action  (*Id.*, ¶¶ 12, 14).

For its part, defendant opposes conditional certification, arguing that Mr. Smart and Mr. Jackson "worked for two completely separate departments within the City of Hughes," and that, "[n]ot only do these departments report to different people and have widely varying job duties, the two departments are also scheduled differently, paid differently, and subject to different FLSA guidelines."  (Dkt. No. 18, at 2).  Citing *Frac Tech Services*, 2009 WL 4251017, at *4, defendant maintains that district courts in the Eastern District of Arkansas have "declined to conditionally certify suits as collective actions when the determination necessary to resolve the dispute required a highly individualized inquiry."  (*Id.*, at 3).  Next, defendant notes that, under 29 U.S.C. § 207(k), a public agency engaged in fire protection or law-enforcement activities "may take advantage of the 28-day work period when determining the applicable overtime threshold—which is not applicable to someone who worked in a non-uniformed personnel capacity, such as in the water department, which, [sic] [p]laintiffs tacitly recognize in their respective affidavits."  (*Id.* at 5 (citing Smart. Decl., ¶¶ 7–10, and Jackson Decl., ¶¶ 7–10)).  Defendant further notes that 29 U.S.C. § 213(b)(20)'s "small-department" exemption "could be applicable to certain pay periods with respect to the police department—an exemption not applicable to those employed in the water

department." (*Id.*). Finally, defendant faults the declarations submitted by Mr. Smart and Mr. Jackson for being "largely unsupported hearsay and vague, generic statements." (*Id.* at 5–6).

### B.     The Court's Analysis

Having carefully reviewed the motion and related filings, the applicable legal authorities, and the entire record in this matter, the Court finds that the declarations submitted by Mr. Smart and Mr. Jackson do *not* offer evidence sufficient to show that all members of the proposed collective were subject to a common employment policy or plan.

Numerous federal district courts have declined to conditionally certify a collective action where, as here, "determining whether putative plaintiffs are similarly situated will depend on a fact-intensive inquiry into the duties performed by each individual employee." *Frac Tech Servs.*, 2009 WL 4251017, at *4 (collecting cases). Here, the sole evidence of similarly situated employees is two similarly worded affidavits by employees with different job titles, different job responsibilities,[1] and who are subject to different overtime thresholds.[2] If the Court were to conditionally certify a collective action, it would need to engage in a fact-intensive, case-by-case examination of the daily tasks of *each* putative collective action member to determine whether they are similarly situated. *See Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1275 (M.D. Ala. 2004) (declining to certify a collective action because the application of the executive exemption

---

[1] Neither Mr. Smart nor Mr. Jackson discussed their job duties in their affidavits, and Mr. Riggs did not submit a declaration in support of the instant motion. The Court makes the reasonable assumption that, as an employee of defendant's water department, Mr. Smart's job responsibilities differed from those of Mr. Jackson, who was a law enforcement officer. At any rate, plaintiffs' failure to even discuss the named plaintiffs' job responsibilities provides additional support for the Court's holding.

[2] Under 29 U.S.C. § 207(k), different overtime thresholds apply to certain employees of public agencies engaged in fire protection or law-enforcement activities, and defendant may establish a 28-day FLSA work period for employees who fall under this partial exemption. Under this arrangement, defendant would be obligated to pay law enforcement personnel an overtime rate for every hour worked in excess of 171 per 28-day work period.

for merits purposes would require a fact-intensive determination, thereby obviating "the economy of scale envisioned by the FLSA collective action procedure"); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220–21 (D. Conn. 2003) ("Because the proof in this case is specific to the individual, [plaintiff] has not provided evidence of a common thread binding his proposed class of employees."). Indeed, plaintiffs tacitly acknowledge that putative collective action members are subject to different overtime thresholds. *Compare* Smart Decl., ¶ 9 ("Defendant did not compensate me or any other hourly-paid employees for all our hours worked in excess of 40 hours per week."), *with* Jackson Decl., ¶ 9 ("Defendant did not compensate me or any other hourly-paid employees for all our hours worked in excess of 40 hours per week *and in excess of 171 hours per 28-day period*." (emphasis added)).

Admittedly, "[a] class that encompasses a wide range of job positions may be conditionally certified as long as the differences between class members are not material to the allegations in the case." *Tamez v. BHP Billiton Petroleum (Ams.), Inc.*, No. 5:15-CV-330-RP, 2015 WL 7075971, at *4 (W.D. Tex. Oct. 5, 2015); *see also Perez-Benites v. Candy Brand*, LLC, No. 07-CV-1048, 2008 WL 4809105, at *3 (W.D. Ark. Oct. 31, 2008) ("The 'similarly situated' determination requires only a modest factual showing; it does not require the plaintiff and the potential class members to show that they are identically situated."). Also, while defendant attacks the affidavits submitted in support of plaintiffs' motion as being "largely unsupported hearsay and vague, generic statements," it has not submitted any exhibits or sworn testimony of its own (Dkt. No. 18, at 5–6). Nonetheless, it is apparent that differences in factual circumstances between putative collective action members, as evidenced by the factual differences between even named plaintiffs, would require the Court to inquire as to the daily tasks of *each* putative collective action member

to determine whether they are similarly situated. The fact that even named plaintiffs are subject to different overtime thresholds suggests that they are not.

Plaintiffs cite *Tamez*, 2015 WL 7075971, at *3, for the proposition that "[n]o further factual inquiry is necessary" where "Plaintiffs allege that the compensation scheme is in of itself a violation the FLSA." From this, plaintiffs reason that their claims do:

> not require an intensive duties-based analysis to determine similarity, but instead [are] based on [d]efendant's policy of not paying a proper overtime premium for its hourly employees. Plaintiffs have asserted that [d]efendant's pay policy in and of itself is a violation of the FLSA. Thus, the similarly-situated requirement is satisfied by virtue of the pay policy. Likewise, [d]efendant has not asserted an FLSA exemption to the overtime requirements, which require a duties analysis, to any of [p]laintiffs' claims.

(Dkt No. 19, at 2). If the Court were to accept this argument, a plaintiff would be entitled to conditional certification merely by alleging class-wide overtime violations.

Plaintiffs can meet their lenient burden at the notice stage of conditional certification by "establish[ing] a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011) (quoting *Simmons v. Valspar Corp.*, No. CIV. 10-3026 RHK/SER, 2011 WL 1363988, at *3 (D. Minn. Apr. 11, 2011)). "A 'colorable basis' is established when a plaintiff comes forward with something more than the mere averments in its complaint in support of its claim." *Schmaltz v. O'Reilly Auto. Stores, Inc.*, No. 4:12-CV-1056-JAR, 2013 WL 943752, at *6 (E.D. Mo. Mar. 11, 2013) (citation and internal quotation marks omitted). Plaintiffs have made no such showing here. Plaintiffs have not submitted any evidence that they were subject to a common employment policy or plan.

To be sure, the affidavits submitted by Mr. Smart and Mr. Jackson repeatedly use the phrase "[t]his was [d]efendant's common policy applicable to all hourly-paid employees." (Smart Decl.,

¶¶ 9, 10, 11; Jackson Decl., ¶¶ 9, 10, 11).  What Mr. Smart and Mr. Jackson label "common polic[ies]," however, are no more than generic allegations of class-wide overtime violations; at no point does either affidavit identify a *specific* common policy or practice of defendant that caused the alleged FLSA violations in this case.  Additionally, even if plaintiffs had identified such a policy or plan, the class definition is simply too broad and putative collective action members are subject to different overtime thresholds.  The Court emphasizes that, in reaching these conclusions, it has not resolved contradictory evidence presented by the parties or made any credibility determinations at this stage.  *See Olsen v. Clay Cty.*, No. 3:18-CV-00129 BSM, 2018 WL 6004660, at *2 (E.D. Ark. Nov. 15, 2018) (citing *In re Pilgrim's Pride Fair Labor Standards Act Litig.*, No. MDL 1:07-CV-1832, 2008 WL 4877239, at *1 (W.D. Ark. Mar. 13, 2008)).

Plaintiffs' reliance on *Tamez* is inapposite.  In that case, the plaintiffs-employees "allege[d] that they were paid a fixed amount per day without regard for the number of hours worked," and that "such a compensation scheme [was] a per se violation of the FLSA and its implementing regulations." *Tamez*, 2015 WL 7075971, at *3.  *Tamez* noted that, if plaintiffs were correct, then defendant "violated the FLSA with regard to every putative plaintiff regardless of their particular job position." *Id.*  At the same time, the *Tamez* court acknowledged that, "[i]n some cases, plaintiffs allege FLSA violations that require showing not only the existence of a common compensation scheme but also certain factual predicates," and that, "[i]n these cases, it may be appropriate to require the class be limited to a particular job position in order to provide the court some assurance that the relevant facts are common across the class." *Id.*

Here, in contrast to *Tamez*, liability cannot be determined collectively without limiting the class to a specific job position because putative collective action members are subject to different overtime thresholds.  Thus, defendant has not only demonstrated that the putative class

encompasses a wide range of job titles and duties, but also that these differences are relevant "given the claims and defenses asserted." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 466 (S.D. Tex. 2012).

In sum, the affidavits from a water department employee and a police department employee are not sufficient to show that all full-time, hourly-paid employees of defendant are similarly situated. Thus, even under the lenient standard of the notice stage, plaintiffs have not demonstrated that they are similarly situated to the potential collective action members. Accordingly, the Court declines to certify conditionally a collective action. The Court will, however, allow plaintiffs to file a motion for conditional certification of a narrower class within 30 days from the entry of this Order.

### IV. Conclusion

For the foregoing reasons, the Court denies without prejudice plaintiffs' motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information (Dkt. No. 13). Plaintiffs may, but need not, file a motion for conditional certification of a narrower class within 30 days from the entry of this Order. Finally, the Court directs the parties to confer and file a joint proposed amended scheduling order within 45 days from the entry of this Order; however, if plaintiffs renew their request for conditional certification, the parties may request that the Court not enter an amended final scheduling order until after it has ruled on any such request.

It is so ordered this 24th day of June, 2020.

Kristine G. Baker
United States District Judge