THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ROBERT SMART, TERRY ROSS RIGGS, and
JOHNATHAN JACKSON, Each Individually and
on Behalf of All Others Similarly Situated                                                      PLAINTIFFS

v.                               Case No. 2:19-cv-00047-KGB

CITY OF HUGHES, ARKANSAS                                                                        DEFENDANT

## ORDER

Before the Court is the renewed motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information filed by plaintiffs Robert Smart, Terry Ross Riggs, and Johnathan Jackson, each individually and on behalf of all others similarly situated (collectively, "plaintiffs") on July 31, 2020 (Dkt. No. 26).  For the following reasons, the Court grants in part and denies in part the motion.

### I.    Factual And Procedural History

On April 22, 2019, Robert Smart, individually and on behalf of all others similarly situated, filed a putative class and collective action against his former employer, defendant the City of Hughes, Arkansas (the "City"), alleging violations of the overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201 to 11-4-222 (Dkt. No. 1).  An amended complaint was filed on July 9, 2019, adding Terry Ross Riggs and Johnathan Jackson, each individually and on behalf of all others similarly situated, as named plaintiffs (Dkt. No. 9).

The amended complaint alleges that plaintiffs were, within the three years preceding the filing of this action, employed as hourly-paid employees by the City's Water Department or Police Department (*Id.*, ¶¶ 18–19).  Plaintiffs claim that, in violation of the FLSA and AMWA, the City

failed to pay them and other hourly-paid employees at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek (*Id.*, ¶¶ 27–28).

On October 14, 2019, plaintiffs filed a motion for conditional certification, for disclosure of contact information, and to send notices, seeking conditional certification of a collective action under 29 U.S.C. § 216(b) (Dkt. No. 13).  Specifically, plaintiffs sought conditional certification of all full-time, hourly-paid employees of the City since April 22, 2016 (*Id.*, ¶ 3).  On June 24, 2020, the Court denied, without prejudice, plaintiffs' motion for conditional certification, for disclosure of contact information, and to send notices, but allowed plaintiffs to file a motion for conditional certification of a narrower class within 30 days (Dkt. No. 22).  Plaintiffs' deadline to file a second motion for conditional certification was subsequently extended to July 31, 2020 (Dkt. No. 25).

On July 31, 2020, plaintiffs filed a renewed motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information (Dkt. No. 26).  In the instant motion, plaintiffs move for conditional certification of two classes and ask the Court to authorize giving notice to potential class members.  Specifically, plaintiffs request that the Court conditionally certify the following classes:  (1) all full-time, hourly-paid employees of the City's Water Department since April 22, 2016; and (2) all full-time, hourly-paid employees of the City's Police Department since April 22, 2016 (*Id.*, ¶ 3).  The City filed a response in opposition to plaintiffs' renewed motion for conditional certification on August 21, 2020 (Dkt. No. 30).  Plaintiffs filed a reply in support of their motion on August 26, 2020 (Dkt. No. 31).

For the reasons that follow, the Court grants in part and denies in part plaintiffs' renewed motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information.

## II.     Governing Law

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

District courts in the Eighth Circuit, including this one, have routinely utilized a two-step approach to determine whether certification of a collective action is appropriate.  *See*, *e.g.*, *McChesney v. Holtger Bros.*, No. 4:17-CV-00824-KGB, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019); *Cruthis v. Vision's*, No. 4:12-CV-00244-KGB, 2013 WL 4028523, at *1 (E.D. Ark. Aug. 7, 2013); *Watson v. Surf-Frac Wellhead Equip. Co.*, No. 4:11-CV-00843-KGB, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).  Under this approach, a district court first determines whether the putative collective action members are similarly situated (*i.e.*, whether they were subject to a common employment policy or plan), and then, at the conclusion of discovery, provides an opportunity for the defendant to move to decertify the collective action, pointing to a more developed record to support its contention that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs.  *See Smith v. Frac Tech Servs., Ltd.*, No. 4:09CV000679JLH, 2009 WL 4251017, at *1 (E.D. Ark. Nov. 24, 2009).

"To establish that conditional certification is appropriate, the plaintiffs must provide 'some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008) (quoting *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005)).  The plaintiffs' burden at the "notice" stage is "lenient" and "requires only a modest factual showing; it does not require the plaintiff[s]

3

and the potential class members to show that they are identically situated." *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689–90 (W.D. Mo. 2007)). Still, "'more than mere allegations' are required" for the plaintiffs to carry their burden. *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1019 (S.D. Iowa 2016) (quoting *Robinson*, 254 F.R.D. at 99).

"Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs." *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citing *Rappaport v. Embarq Mgmt. Co.*, No. 607CV468ORL19DAB, 2007 WL 4482581, at *4 (M.D. Fla. Dec. 18, 2007)). Factors to be considered include: (1) whether the plaintiffs all held the same job titles; (2) whether the plaintiffs worked in different geographical locations; (3) the extent to which the claimed wage-and-hour violations occurred during different time periods and by different decision-makers; and (4) whether the plaintiffs all alleged similar, though not identical, wage-and-hour violations. *See McChesney*, 2019 WL 118408, at *2 (citing *Stone v. First Union Corp.*, 203 F.R.D. 532, 542 (S.D. Fla. 2001)). "The Court does not need to determine whether class members are actually similarly situated until the 'merits stage' of the litigation, when defendants typically move to decertify the class." *Tinsley v. Covenant Care Servs., LLC*, No. 1:14CV00026 ACL, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015) (citing *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010)).

### III. Discussion

#### A. The Parties' Arguments

In a sworn affidavit, Mr. Smart avers that he was employed as an hourly-paid employee by the City's Water Department from October 2018 to March 2019 (Dkt. No. 26-7, Declaration of

4

Robert Smart ("Smart Decl."), ¶¶ 3–4). Mr. Smart states that, "[t]hrough a combination of elected officials and hourly-paid employees, Defendant operates various departments, including the water department and police department, which provides various services to the residents of Hughes." (*Id.*, ¶ 5). Mr. Smart claims that "[h]ourly-paid employees are subject to Defendant's uniform employment policies and practices, including pay structure." (*Id.*, ¶ 6). Specifically, Mr. Smart states that he and other hourly-paid employees frequently worked in excess of 40 hours per workweek without receiving overtime compensation for hours per workweek in excess of 40 (*Id.*, ¶¶ 7–9). Mr. Smart further states that, when he and other hourly-paid employees were offered compensatory time off, it was at a rate of one hour for each hour of overtime worked (*Id.*, ¶ 11). Mr. Smart estimates that, since April 22, 2016, at least 20 individuals have worked as hourly-paid employees for the City (*Id.*, ¶ 13). Finally, Mr. Smart asserts that other hourly-paid employees were paid in the same manner by the City and that these former co-workers would be interested in joining this action (*Id.*, ¶¶ 12, 14).

Mr. Jackson also submitted a sworn affidavit in support of the instant motion, averring that he was employed as an hourly-paid employee by the City's Police Department from October 2018 to January 2019 (Dkt. No. 26-8, Declaration of Johnathan Jackson ("Jackson Decl."), ¶¶ 3–4). Mr. Jackson further avers that he and other hourly-paid employees frequently worked in excess of 40 hours per workweek and 171 hours per 28-day pay period without receiving overtime compensation for that work (*Id.*, ¶¶ 7–9). Mr. Jackson maintains that other employees were paid in the same manner by the City and that these former co-workers would be interested in joining this action (*Id.*, ¶¶ 12, 14).

For its part, the City opposes conditional certification, arguing that plaintiffs have failed to demonstrate that they are similarly situated to potential opt-in plaintiffs because of differences in

job titles and responsibilities among potential class members. The City observes that Mr. Smart and Mr. Jackson worked for two different departments of the City and that "[n]either separate plaintiff Robert Smart nor Johnathan Jackson discussed their job duties in their declarations, and separate plaintiff Terry Ross Riggs submitted no declaration in support of the motion." (Dkt. No. 30, at 5). Next, the City notes that, under 29 U.S.C. § 207(k), a public agency engaged in fire protection or law-enforcement activities "may take advantage of the 28-day work period when determining the applicable overtime threshold—which is not applicable to someone who worked in a non-uniformed personnel capacity, such as in the water department, which, [sic] Plaintiffs tacitly recognize in their respective affidavits." (*Id.*, at 5 (citing Smart. Decl., ¶¶ 7–10, and Jackson Decl., ¶¶ 7–10)). The City further notes that 29 U.S.C. § 213(b)(20)'s "small-department" exception "could be applicable to certain pay periods with respect to the police department—an exemption not applicable to those employed in the water department." (*Id.*). Finally, the City faults the declarations submitted by Mr. Smart and Mr. Jackson for consisting of "largely unsupported hearsay and vague, generic statements." (*Id.*, at 6).

### B. The Court's Analysis

#### 1. FLSA Conditional Certification

Having carefully reviewed the motion and related filings, the applicable legal authorities, and the entire record in this matter, the Court finds that the declarations submitted by Mr. Smart and Mr. Jackson offer evidence sufficient to show that all members of the proposed classes were subject to a common policy or plan, which is alleged to include refusing to pay full-time, hourly-paid employees of the City's Water Department and Police Department at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. On this basis, the Court finds that plaintiffs have carried their lenient burden of establishing that they are

similarly situated to other employees of the Water Department and Police Department who were not paid overtime wages.

The City's arguments to the contrary miss the mark. The arguments presented by the City in opposition to plaintiffs' renewed motion for conditional certification are largely the same as those raised by the City in opposition to plaintiffs' original motion for conditional certification. The Court denied the latter motion because it sought conditional certification of a city-wide class and differences in factual circumstances between putative collective action members, as evidenced by the factual differences between even named plaintiffs, would have required the Court to inquire as to the daily tasks of each putative collective action member to determine whether they were similarly situated (Dkt. No. 22, at 7–8). Here, in contrast, plaintiffs seek conditional certification of two separate classes, one for full-time, hourly-paid employees of the Water Department and a second class consisting of full-time, hourly-paid employees of the Police Department. Therefore, differences in job titles, job responsibilities, and overtime thresholds between Mr. Smart and other Water Department employees, on the one hand, and Mr. Jackson and Mr. Riggs and other Police Department employees, on the other hand, which were fatal to plaintiffs' original motion for conditional certification, do not defeat the instant motion.

Admittedly, neither Mr. Smart nor Mr. Jackson discussed their job duties in their affidavits, and Mr. Riggs did not submit a declaration in support of the instant motion. Yet, these omissions do not suggest that "determining whether putative plaintiffs are similarly situated will depend on a fact-intensive inquiry into the duties performed by each individual employee." *Frac Tech Servs.*, 2009 WL 4251017, at *4 (collecting cases). At this juncture, the Court has no reason to believe that Mr. Smart's or Mr. Jackson and Mr. Riggs' job responsibilities were materially different from those of other Water Department or Police Department employees, respectively. *See Perez-*

7

*Benites v. Candy Brand, LLC*, No. 07-CV-1048, 2008 WL 4809105, at *3 (W.D. Ark. Oct. 31, 2008) ("The 'similarly situated' determination requires only a modest factual showing; it does not require the plaintiff and the potential class members to show that they are identically situated."). The Court also observes that, while the City attacks the affidavits submitted in support of the instant motion as consisting of "largely unsupported hearsay and vague, generic statements," (Dkt. No. 30, at 6), it has not submitted any exhibits or sworn testimony of its own.

In sum, plaintiffs have met their lenient burden at the notice stage of conditional certification by "establish[ing] a colorable basis for their claim that the putative class members were the victims of a single decision, policy, or plan." *Carden v. Scholastic Book Clubs, Inc.*, No. 2:10-CV-01112-NKL, 2011 WL 2680769, at *2 (W.D. Mo. July 8, 2011) (quoting *Simmons v. Valspar Corp.*, No. CIV. 10-3026 RHK/SER, 2011 WL 1363988, at *3 (D. Minn. Apr. 11, 2011)). Accordingly, the Court conditionally certifies this action as a collective action pursuant to § 216(b) of the FLSA for the purpose of facilitating notice to the employees of the City's Water Department and Police Department.

### 2. Notice

Plaintiffs request that the Court ratify the following notice process as it pertains to potential opt-in plaintiffs: plaintiffs would send notice to potential opt-in plaintiffs *via* the United States Postal Service and e-mail (Dkt. Nos. 26-1; 26-3, at 1), along with a consent to join collective action (Dkt. Nos. 26-2, 26-4), and the Court would set a 90-day opt-in period. Plaintiffs would also distribute a second notice *via* U.S. Mail and e-mail to potential opt-in plaintiffs who do not respond within 30 days of sending notice (Dkt. Nos. 26-3, at 2; 26-5). Finally, plaintiffs ask that the Court direct the City to provide their counsel with a list, in electronic importable format, of the names, including any aliases or alternative names, last known mailing addresses, last known telephone

numbers, and all known e-mail addresses, including personal and company-sponsored, for the potential opt-in plaintiffs no later than seven days after the proposed classes are conditionally certified and the proposed notice and opt-in consent forms are approved (Dkt. No. 26, ¶ 7).

The City raises essentially seven objections to plaintiffs' proposed notice and consent-to-join forms. First, the City "objects to sending notice and consent to join lawsuit other than by traditional mail and more than once." (Dkt. No. 30, at 6). Second, the City requests that, "should the Court determine that email is a viable and/or preferred method of sending notice," plaintiffs "be permitted to utilize only one method of notice per potential opt-in plaintiff." (*Id.*, at 7).

This Court, as well as the attorneys who practice before it, "have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991). The Court, however, has routinely ordered that notice be sent *via* regular U.S. Mail *and* e-mail to all potential opt-in plaintiffs in FLSA cases. *See*, *e.g.*, *Bonds v. Langston Companies, Inc.*, No. 3:18-CV-00189-KGB, 2019 WL 4673569, at *4 (E.D. Ark. Sept. 24, 2019); *Hicks v. Lindsey Mgmt. Co.*, No. 3:18-CV-00133-KGB, 2019 WL 542973, at *4 (E.D. Ark. Feb. 11, 2019); *McChesney*, 2019 WL 118408, at *6. Besides being common practice, distributing notice *via* direct mail and e-mail "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit, and of their opportunity to participate." *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015); *see also Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) (approving notice *via* regular mail, e-mail, and text messaging to putative class members, reasoning that "[t]his has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication"). To that

end, the Court will allow plaintiffs to provide potential opt-in plaintiffs with notice *via* U.S. Mail and e-mail. Plaintiffs may send one written notice and consent-to-join form to the potential opt-in plaintiffs *via* U.S. Mail and e-mail, as well as one follow-up notice *via* U.S. Mail to potential opt-in plaintiffs who do not respond within 30 days of sending notice. Plaintiffs may *not* send a follow-up notice *via* e-mail.

Next, the City "objects to Plaintiffs' proposed notice to the extent that defendant will be required to produce a list of names, last known mailing addresses, and any email addresses within seven (7) days of any Order of the Court approving notice." (Dkt. No. 30, at 7). Instead, the City "proposes thirty (30) days to provide this information, which is well within the period that past courts have found to be appropriate." (*Id.*, at 8). The Court finds that a 7-day period for the production of putative class members' contact information is unreasonable and that the 30-day period requested by the City is appropriate under the circumstances of this case. Additionally, while the Court grants plaintiffs' request as to the names, last known mailing addresses, and all known e-mail addresses for the potential opt-in plaintiffs, it denies it as to the last known telephone numbers. Consistent with its prior practice, the Court determines that "the need for compelled disclosure of prospective class members' telephone numbers is outweighed by their privacy interests," *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 526 (N.D. Tex. 2014) (citing *Aguilar v. Complete Landsculpture, Inc.*, No. CIV.A.3:04 CV 0776 D, 2004 WL 2293842, at *5 (N.D. Tex. Oct. 7, 2004)), and that the production of such information is unnecessary to distribute notice *via* U.S. Mail and e-mail.

Fourth, the City "objects to any language in the notice that it is a 'Court Notice,' as the implication is that the notification is actually coming from the Court, rather than Plaintiffs' or their

counsel." (Dkt. No. 30, at 8). The Court has carefully reviewed plaintiffs' proposed notice and consent-to-join forms and has found no such language. The objection is overruled.

Fifth, the City "objects to the language used in the Notice that indicates that the applicable statute of limitations in this matter is three years." (*Id.* (citation omitted)). Specifically, the City takes issue with language in plaintiffs' proposed notice to the effect that, "[b]ecause the right to claim unpaid wages expires after three years, your right to unpaid wages may depend on the date on which you return the enclosed consent form." (Dkt. No. 26-1, at 1). The City maintains that, "[a]t this juncture, and until Plaintiffs prove otherwise, the right to claim unpaid wages expires after *two* years." (Dkt. No. 30, at 8 n.2). The Court agrees and will require plaintiffs to amend the first paragraph of their proposed notice to read as follows: "Because the right to claim unpaid wages expires after two years, or three years in the case of a willful overtime violation, your right to unpaid wages may depend on the date on which you return the enclosed consent form."

The City further objects to "the conditional certification of a class with a three-year look back period for determining potential opt-ins." (*Id.*, at 8). The City elaborates:

> In filing its Renewed Motion for Conditional Certification, Plaintiffs have presented no evidence and made no argument as to why they are entitled to a three-year look back period dating back to April 22, 2016, as opposed to the ordinary two-year statute of limitations beginning April 22, 2017, let alone proven such. In other words, they are putting the cart before the horse. As such, to the extent that the Court approves conditional certification, it should only to do [sic] for those who were full-time employees of either the water department or the police department dating from April 22, 2017, and the language contained in any Notices should be amended accordingly.

(*Id.*, at 9).

The Court disagrees. The FLSA provides that an action is barred unless it is commenced within two years after the cause of action accrued, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29

U.S.C. § 255(a). "[A]n employer willfully violates the FLSA when it acts with knowledge of or reckless disregard for whether its actions are prohibited by the statute." *Tiffey v. Speck Enters., Ltd.*, 418 F. Supp. 2d 1120, 1124 (S.D. Iowa 2006) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

The City's objection to a three-year look-back period involves the merits of plaintiffs' claims and is inappropriate for resolution at the conditional-certification stage. Rather, "[i]t is appropriate to allow a three-year look-back period in the notice where '[t]he absence of willful conduct is not established as a matter of law by the pleadings.'" *Benion v. Lecom, Inc.*, No. 15-14367, 2016 WL 2801562, at *11 (E.D. Mich. May 13, 2016) (quoting *Colley v. Scherzinger Corp.*, 176 F. Supp. 3d 730, 735 (S.D. Ohio 2016)). The amended complaint alleges willful violations of the FLSA. (Dkt. No. 9, ¶¶ 3, 46, 55, 60, 65). Therefore, the absence of willful conduct cannot be established as a matter of law by the pleadings to date, and the Court rejects the City's objection to any conditionally certified class that exceeds the generally applicable two-year statute of limitations of 29 U.S.C. § 255(a).

The City's sixth objection is to the language contained in the second paragraph of plaintiffs' proposed notice, which states:

> The purpose of this notice is to inform you of a pending collective action lawsuit in which you may be a member as a Plaintiff; to advise you of how your rights may be affected by this suit; and to instruct you on the procedure for participating in this suit.

(Dkt. No. 26-1, at 1). The City proposes the following alternative language:

> The purpose of this Notice is to inform you, as a current or former full-time employee of the City of Hughes' water department or police department between April 22, 2017 and April 22, 2019, of a pending collective action lawsuit that you may choose to opt into as a plaintiff.

(Dkt. No. 30, at 9).

The Court finds that the City's proposed language is clearer and will require plaintiffs to amend their proposed notice accordingly, except that "April 22, 2017," should be changed to "April 22, 2016," in accordance with the Court's prior rejection of the City's attempt to restrict the notice and consent-to-join forms to a two-year look-back period.

Finally, the City objects to language in the sixth paragraph of plaintiffs' proposed notice to the effect that "[i]t is important to understand that you may be entitled to recovery just because you were employed by Defendant as a full-time hourly-paid water department and/or police department employee at some time since April 22, 2016." (Dkt. No. 26-1, at 2). The City maintains that, should the Court approve plaintiffs' proposed notice, the sixth paragraph should be altered to state in part as follows:

> It is important to understand that you may *not* be entitled to recovery just because you worked for Defendant as a full-time hourly-paid employee at some time since April 22, 2017.

(Dkt. No. 30, at 9). The Court sustains the objection and will require plaintiffs to amend the sixth paragraph of their proposed notice by adding the word "not" after the word "may." The Court will not require plaintiffs to make any other alterations to the sixth paragraph of their proposed notice, at least at this time.

In sum, the Court grants in part and denies in part plaintiffs' motion as it pertains to notice to potential opt-in plaintiffs. The Court grants plaintiffs' motion to the extent that they seek to provide potential opt-in plaintiffs with notice *via* U.S. Mail and e-mail. Accordingly, plaintiffs may send one written notice and consent-to-join form to the potential opt-in plaintiffs *via* U.S. Mail and e-mail, as well as one follow-up notice *via* U.S. Mail to the potential opt-in plaintiffs who do not respond within 30 days of sending notice. The Court denies plaintiffs' request to send a follow-up notice *via* e-mail. Additionally, the Court does not approve plaintiffs' proposed notice

or consent-to-join forms at this time. The Court orders plaintiffs to file an amended proposed notice that cures the deficiencies identified above within seven days from the entry of this Order.

To facilitate notice, the Court orders the City to provide plaintiffs' counsel with a list, in electronic importable format, such as Microsoft Word or Excel, of the names, including any aliases or alternative names, last known mailing addresses, and all known e-mail addresses, including personal and company-sponsored, for the potential opt-in plaintiffs no later than 30 days from the entry of this Order. After receiving such information and receiving final approval from the Court of the amended proposed notice that cures the deficiencies identified above, plaintiffs' counsel shall then have 90 days to distribute notice and file consent-to-join forms with the Clerk of Court. The Court denies plaintiffs' request for the last known telephone numbers for the potential opt-in plaintiffs.

### IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part plaintiffs' renewed motion for conditional certification, for approval and distribution of notice, and for disclosure of contact information (Dkt. No. 26). The Court conditionally certifies the following classes: (1) "all full-time, hourly-paid employees of the City of Hughes, Arkansas, Water Department since April 22, 2016"; and (2) "all full-time, hourly-paid employees of the City of Hughes, Arkansas, Police Department since April 22, 2016." For the reasons explained in this Order, the Court does not approve plaintiffs' proposed notice of right to join lawsuit or consent to join collective action as proposed and orders plaintiffs to file an amended proposed notice that cures the deficiencies identified above within seven days from the entry of this Order. The Court orders the City to provide plaintiffs' counsel with a list, in electronic importable format, such as Microsoft Word or Excel, of the names, including any aliases or alternative names, last known

mailing addresses, and all known e-mail addresses, including personal and company-sponsored, for the potential opt-in plaintiffs no later than 30 days from the entry of this Order. After receiving such information and receiving final approval from the Court of the amended proposed notice that cures the deficiencies identified above, plaintiffs' counsel shall then have 90 days to distribute notice and file consent-to-join forms with the Clerk of Court.

It is so ordered this 10th day of February, 2021.

_____
Kristine G. Baker
United States District Judge